## EAST LAKE DRUG COMPANY v. PHARMACISTS AND DRUG CLERKS' UNION, LOCAL NO. 1353, AND OTHERS.[1]

June 13, 1941.

No. 32,926.

*Sam J. Levy,* for appellant.

*Leonard, Street & Deinard* and *Hyman Edelman,* for respondents.

LORING, JUSTICE.

This case was brought to enjoin the defendant union, its officers, and all other persons or parties who are members, officers, or agents of the union from picketing the plaintiff's place of business. The matter in controversy was the "closed shop." The trial court granted a restraining order July 29, 1940, but vacated the order March 10, 1941, and on that date denied plaintiff's application for

[1]Reported in 298 N. W. 722.

a temporary injunction. This appeal is taken from the order last mentioned.

There is apparently no contention that the record shows coercion in any other form than that called "peaceful picketing." Our attention has not been called to any evidence compelling a finding that all wholesale drug companies refused to deliver stock through the defendants' picket line, as asserted in plaintiff's brief. The allegation is that "various" companies refused. We find no evidence which would have compelled the trial court to find that the case was within the rule laid down by the Supreme Court in Milk Wagon Drivers Union v. Meadowmoor Dairies, Inc. 312 U. S. 287, 61 S. Ct. 552, 85 L. ed. 836, 132 A. L. R. 1200. There is evidence to the contrary, and on appeal we must assume in support of the order a state of facts as favorable to it as the record will justify. Regardless of the provisions of the anti-injunction act, L. 1917, c. 493 (1 Mason Minn. St. 1927, §§ 4255 to 4260), or of the Minnesota labor relations act, L. 1939, c. 440 (3 Mason Minn. St. 1940 Supp. §§ 4254-21 to 4254-40), the case is controlled by the well established principle that the granting or vacating of a temporary injunction or restraining order is within the judicial discretion of the trial court, which will not be reversed by this court except when the record compels us to find that the trial court clearly abused its discretion. Roraback v. Motion Picture M. O. Union, 140 Minn. 481, 168 N. W. 766, 169 N. W. 529, 3 A. L. R. 1290. Consequently, the questions sought to be raised relative to the construction of the labor relations act are not for decision.

The order of the trial court is affirmed.